STATE OF NEW JERSEY, PLAINTIFF, v. JO JANSON, DEFENDANT.

Superior Court of New Jersey
Law Division (Criminal)
Burlington County

August 23, 1985.

*Rocco Minervino* for plaintiff (*Stephen Raymond,* Burlington County Prosecutor, attorney).

*Martin Perrotta* for defendant.

HAINES, A.J.S.C.

This opinion construes *N.J.S.A.* 39:4–85 which regulates overtaking and passing vehicles. Defendant Jo Janson was driving north on Route 541 in Westampton Township, Burlington County, a four-lane highway with two lanes going in each direction. She was traveling in the left lane with no vehicles in front of her for a distance of about three-quarters of a mile. She was arrested and charged with a violation of *N.J.S.A.* 39:4–85 when she overtook a vehicle in her lane, moved to the right and passed. She denied any violation of the statute but was con-

victed in the municipal court. She has appealed that conviction here.

*N.J.S.A.* 39:4–85 provides in pertinent part as follows:

The driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass at a safe distance to the left thereof and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle. If vehicles on the roadway are moving in two or more substantially continuous lines, the provisions of this paragraph and sections 39:4–87 of this Title shall not be considered as prohibiting the vehicles in one line overtaking and passing the vehicles in another line either upon the right or left, nor shall those provisions be construed to prohibit drivers overtaking and passing upon the right another vehicle which is making or about to make a left turn.

. . . .

The driver of a vehicle may overtake and pass another vehicle upon the right as provided in this section only under conditions permitting such movement in safety. In no event shall such movement be made by driving off the pavement or main-traveled portion of the roadway.

■ The significant language in the statute is: "If vehicles on the roadway are moving in two or more substantially continuous lines...." Since the statute is penal, it is to be construed strictly. *State v. Maguire,* 84 *N.J.* 508, 514, n. 6 (1980). Furthermore, the demands of due process require that the statute be sufficiently clear to provide notice of the prohibited conduct. *State v. Gaynor,* 119 *N.J.L.* 582, 589 (E. & A. 1938). The statutory language is not clear. The reference to "vehicles" leaves open the question of how many. The words "substantially continuous lines" defy accurate interpretation. Do they mean that many vehicles must be close-packed if passing on the right is to be permitted? If so, the statute invites such passing in circumstances more dangerous than those present when traffic is light. Do the words "two or more ... lines" refer to lines of traffic going in the same direction? The statute does not say so. Is the language so vague that it denies due process?

■ That result should not be reached if the statute can be read sensibly by ascertaining the intent of the Legislature. *State v. Profaci,* 56 *N.J.* 346, 350–51 (1970). The Legislature cannot have intended to adopt an unconstitutional enactment,

*Right to Choose v. Byrne,* 91 *N.J.* 287, 311 (1982) or one which leads to absurd results. *Marranca v. Harbo,* 41 *N.J.* 569, 574 (1964). A reading of the statute which avoids these results and reasonably captures legislative intent is that:

1. It refers to vehicles moving in two or more lines of traffic in the same direction.
2. The number of vehicles in a line is not material.
3. Vehicles are moving in "substantially continuous lines" whenever two or more lanes running in the same direction are open to and used by vehicular traffic, regardless of the extent of that use.

The defendant complied with the statute as so interpreted. She was entitled to pass on the right. She is not guilty.